```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA

PALACIOS, ET AL.                          CIVIL ACTION

VERSUS                                    NO: 07-53

MORENO, ET AL.                            SECTION: "J" (3)
```

### ORDER AND REASONS

Before the Court is Third Party Plaintiffs Glenn Richard, FCC Oilfield Services, LLC, and Hanover Insurance Company's **Motion for Summary Judgment (Rec Doc. 55)**. This motion, which is opposed, was set for hearing on June 11, 2008 on the briefs. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Third Party Plaintiffs' motion should be granted in part and denied in part.

### Background Facts

This case stems from a car accident on July 20, 2006 involving Defendant-Third Party Plaintiff Glenn Richard and Plaintiffs Vitorio and Maria Palacios. At the time of the accident Richard was employed by Defendant-Third Party Plaintiff FCC Oilfield Services, LLC ("FCC"). Richard was driving from his

home in Louisiana to a worksite of Defendant-Third Party Defendant ExxonMobil Corporation ("ExxonMobil") in Alabama. Defendant-Third Party Plaintiff Hanover Insurance Company ("Hanover") is FCC's insurer.

In July 2005, FCC entered into a Standard Procurement Agreement for Upstream Services with Incidental Goods ("Agreement") with ExxonMobil.  The Agreement has been described as a standard oilfield services agreement.  Under this Agreement, FCC provided labor and equipment to ExxonMobil for oilfield construction.  At the time of the accident, FCC was completing work for ExxonMobil at a site in Alabama per this Agreement. Article 12 of the Agreement provides for third party indemnity, and substantially states:

> Purchaser and Supplier shall indemnify, defend, and hold each other harmless from all claims, demands, and causes of action asserted against the indemnitee by any third party (including, without limitation, Purchaser's and Supplier's employees) for personal injury, death, or loss of or damage to property resulting from the indemnitor's negligence, Gross Negligence, or Willful Misconduct.  Where personal injury, death or loss of or damage to property is a result of

>joint negligence, Gross Negligence or Willful Misconduct of Purchaser or Supplier, the indemnitor's duty of indemnification shall be in proportion to its allocable share of such joint negligence, Gross Negligence, or Willful Misconduct.

Article 26 identifies the law governing the Agreement. Article 26 provides that when a dispute is not governed by federal maritime law or the Outer Continental Shelf Lands Act, "the laws of the following state(s) will apply without reference to that state's principles of conflict of laws: (i) Louisiana, for any Order performed in whole or in part on Purchaser's premises in Louisiana, or (ii) the state in which Services are primarily performed, for any Order not covered by (i)."

Following the filing of the initial suit in this matter, Richard, FCC, and Hanover filed a Third Party complaint against ExxonMobil claiming ExxonMobil's negligence caused the accident and seeking indemnity under the Agreement.  ExxonMobil filed a counterclaim asserting Richard, FCC, and Hanover's negligence and claiming indemnity under the agreement.  The motion before the Court seeks summary judgment for Richard, FCC, and Hanover on ExxonMobil's counterclaim for contractual indemnity.

3

## The Parties' Arguments

The parties disagree as to the applicability of the Article 12 indemnity provision.

Third Party Plaintiffs contend that the language of the indemnity provision prohibits indemnity for fault or negligence in this case. Article 12 provides for indemnity "in proportion to [each parties'] allocable share of such joint negligence." Third Party Plaintiffs contend that in a case such as this, where all the parties to the Agreement are sued for joint negligence, each party can only be liable for their own proportion of fault.

Additionally, Third Party Plaintiffs argue that under Louisiana law the indemnity provision is void. Louisiana's Oilfield Anti-Indemnity Act, LSA-R.S. § 9:2780, applies to any non-maritime oilfield contract and voids "any provision in any agreement which requires defense and/or indemnification, for death or bodily injury to persons, where there is negligence or fault (strict liability) on the part of the indemnitee, or an agent or employee of the indemnitee, or an independent contractor who is directly responsible to the indemnitee." LSA-R.S. § 9:2780. Third Party Plaintiffs argue that this eliminates the indemnity provision of the Agreement as a matter of public policy. In its absence, Louisiana's general policy that "[a] joint tortfeasor shall not be liable for more than his degree of fault and shall not be solidarily liable with any other

person...," LSA-C.C. art. 2324, would apply, and Third Party Plaintiffs argue that this prevents any claim by ExxonMobil for indemnity for negligence or fault.

Alternatively, if Alabama law governs the Agreement, Third Party Plaintiffs contend that the Article 12 indemnity provisions are valid and enforceable. They argue that the Agreement's provision for indemnity in proportion to fault does not run afoul of Alabama's general policy that "joint tortfeasors are not entitled to indemnity or contribution." Crigler v. Salac, 438 So.2d 1375, at 1385 (Ala. 1983)(citation omitted).

ExxonMobil concedes in their memorandum in opposition that they are not seeking indemnity for negligence or fault. Rather, they are only seeking indemnity for cost of defense. They submit that under Louisiana law, even if the Oilfield Anti-Indemnity Act applies they can seek indemnity for cost of defense if they are not found to have fault in the accident. See Meloy v. Conoco, 817 F.2d 275 at 278-79 (5th Cir. 1987)(answering questions certified from the Fifth Circuit, the Louisiana Supreme Court held that the Oilfield Anti-Indemnity Act does not prohibit indemnity for cost of defense when the indemnitee is without fault).

In a supplemental memorandum ExxonMobil raised the issue that Alabama law should govern the Agreement per Article 26 because Richard was driving to a worksite in Alabama. ExxonMobil did not submit any argument as to how the application of Alabama

5

law would permit them indemnity.  Third Party Plaintiffs maintain that Louisiana law should apply to the Agreement.

Finally, Third Party Plaintiffs argue that any claims for indemnity against Glenn Richard should be dismissed because Richard was not a party to the Agreement.  ExxonMobil has not opposed this argument.

## Discussion

ExxonMobil concedes in their brief that they are not seeking indemnity for negligence or fault.  Thus, this Court finds that any claims that ExxonMobil may have for indemnity for fault should be dismissed.

ExxonMobil continues to assert a claim for indemnity for cost of defense.  Determining the validity of this claim requires the Court to interpret Article 12 of the Agreement in light of the applicable law.  A predicate to this analysis is a determination of the law that applies to the Agreement.  Article 26 of the Agreement provides that when general maritime law or the Outer Continental Shelf Lands Act do not apply to the agreement, as is the case in this dispute, the law governing the contract shall be from the state of "(i) Louisiana, for any Order performed in whole or in part on Purchaser's premises in Louisiana, or (ii) the state in which Services are primarily performed, for any Order not covered by (i)."  The determination

of what order Richard was following at the time of the accident and in which state that order was to be primarily performed presents a dispute of material fact between the parties that cannot be resolved in a motion for summary judgment.  ExxonMobil argues that Alabama law should apply because Richard was driving to an ExxonMobil worksite in Alabama.  However, Third Party Plaintiffs maintain the order that Richard was following was limited to an order to drive to Alabama to receive further instructions, not to complete work at an ExxonMobil site in Alabama.  This factual dispute cannot be resolved by the Court and thus summary judgment as to the claims of ExxonMobil for indemnity on cost of defense would be improper.

Lastly, Third Party Plaintiffs have asserted that Glenn Richard was not a party to the Agreement that forms the basis for ExxonMobil's claims for contractual indemnity.  ExxonMobil has not offered any opposition to this argument.  Further, it is clear to the Court that Glenn Richard was not a party to the Agreement containing the Article 12 indemnity provision and therefore cannot be held liable for contractual indemnity.  Accordingly,

**IT IS ORDERED** that Third Party Plaintiff's **Motion for Summary Judgment (Rec. Doc. 55)** is hereby **GRANTED** for any claims by ExxonMobil for contractual indemnity for negligence or fault, **GRANTED** for any claims by ExxonMobil for contractual indemnity of

any kind from Glenn Richard, and **DENIED** for any claims of ExxonMobil for contractual indemnity for cost of defense.

New Orleans, Louisiana, this 11th day of July, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE